United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41256
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROBERT ALLEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-154
--------------------

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

James Robert Allen was convicted by a jury of possession with intent to distribute approximately 40 kilograms of cocaine. Allen was sentenced to 151 months of imprisonment and to a five-year term of supervised release. On appeal, he argues that there was insufficient evidence to prove that he knew the cocaine was in the gas tank of his vehicle.

Because Allen moved for a judgment of acquittal at the close of the Government's case and the close of all evidence, the issue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is preserved for review. See FED. R. CRIM. P. 29. Therefore, the standard of review in assessing the sufficiency challenge is "whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000). The evidence need not exclude every reasonable hypothesis of innocence or be inconsistent with every conclusion except that of guilt. United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995). In the instant case, there was sufficient evidence from which the jury could infer that Allen knew the cocaine was hidden in his vehicle's gas tank. See United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003); United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998).

Allen also argues that the district court abused its discretion in allowing certain opinion evidence by a federal law enforcement agent. The law enforcement agent's drug trafficking testimony was offered as a "mere explanation of [his] analysis of the facts," rather than a "forbidden opinion" regarding an ultimate issue in the case. See United States v. Gutierrez-Farias, 294 F.3d 657, 663 (5th Cir. 2002) (internal quotation marks and citations omitted). However, the law enforcement agent did offer an improper opinion regarding Allen's knowledge of the drugs when the agent testified that he was not telling the jury that he did not believe that Allen had no knowledge of the drugs.

See id. Nevertheless, any error by the district court in allowing the testimony was harmless because the agent's statement "constituted only a small portion of an otherwise strong case." Id.[1]

Lastly, Allen argues that his sentence must be vacated because the district court failed to articulate any application of the factors set out in 18 U.S.C. § 3553(a) to the facts of his case. At sentencing, the district court noted that it considered the factors set forth in § 3553(a), including Allen's past record. The district court imposed a sentence within the properly calculated guidelines range. Accordingly, the sentence is presumed reasonable. See United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006). Allen fails to rebut the presumption that the sentence imposed was reasonable. See id. Accordingly, Allen's conviction and sentence are AFFIRMED.

---

[1] Moreover, as a matter of logic, the agent stated he was "not saying he thought Allen had knowledge," a statement favorable to Allen. Of course, given the confusion of the statement and its context, the jury likely thought it unfavorable to Allen. Yet its confusing nature buttresses our conclusion that the statement was only a "small part" of an otherwise strong case.